IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.  21-cv-171-DWD |
| | ) |
| ESTATE OF KATHRYN L. BANKS, | ) |
| Deceased, | ) |
| DAVID BANKS, | ) |
| UNKNOWN HEIRS AND LEGATEES OF | ) |
| KATHRYN L. BANKS, Deceased, | ) |
| CITY OF OLNEY, ILLINOIS, | ) |
| UNKNOWN OWNERS, and | ) |
| NON-RECORD CLAIMANTS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

In this matter, the United States of America, acting through the Rural Housing Service of the U.S. Department of Agriculture, brings this mortgage foreclosure action against the Estate of Kathryn L. Banks, deceased, and her presumed heirs.  The Government seeks to foreclose the mortgage of a property in Richland County, Illinois.  The Government alleges that the Estate of Kathryn L. Banks is in default under a note made by Banks pursuant to Title V of the Housing Act of 1949, 42 U.S.C. §§ 1471-1490t (*See* Doc. 1-1, p. 8).  The Government seeks a judgment of foreclosure and sale, and other remedies, but has waived its ability to seek a deficiency judgment (*see* Doc. 1, ¶ 3p).

Now before the Court is Plaintiff's Motion for Service by Publication (Doc. 8).  The Government seeks to serve by publication the following parties that have not yet been located:  The Estate of Kathryn L. Banks, deceased, unknown Heirs and Legatees of

Kathryn L. Banks, deceased, Unknown Others, and Non-Record Claimants. The Government represents that it has conducted a diligent inquiry to find the parties not yet served but cannot ascertain a residence for service. Although the Government states that the borrower, Kathryn L. Banks, is deceased, there is no indication in the record that the Government has confirmed whether a probate estate has been opened for her estate. This raises many preliminary issues for the Court, and as detailed below, Plaintiff's Motion will be denied, without prejudice.

This Court has original jurisdiction over foreclosure proceedings initiated by the United States. *See* 28 U.S.C. § 1345. However, 42 U.S.C. § 1475(b), which governs foreclosure procedures for loans made by the USDA Rural Housing Service ("RHS") is also relevant here. Specifically, Section 1475(b) provides:

> In foreclosing on any mortgage held by the Secretary [of Agriculture] under this subchapter, the Secretary shall follow the foreclosure procedures of the State in which the property involved is located to the extent such procedures are more favorable to the borrower than the foreclosure procedures that would otherwise be followed by the Secretary.

42 U.S.C. § 1475(b). This provision requires the Government here to follow Illinois foreclosure procedures to the extent they are "more favorable to the borrower." *See United States v. Jacobsen*, 319 F.3d 323, 324 (8th Cir. 2002); *Clark v. United States*, 2018 WL 11312978, at *2 (E.D. Mo. Aug. 9, 2018); *United States v. Buskell*, 2014 WL 1765386, at *5-*6 (E.D. Penn. May 2, 2014).

The Illinois foreclosure process is outlined in 735 ILCS § 5/15-1501, *et seq.* In Illinois, the mortgagor is a necessary party to a foreclosure action, *see* 735 ILCS § 5/15-1501(a). Moreover, when a mortgagor has died, like the borrower here, their estate

2

becomes a necessary party.  *ABN AMRO Mortg. Grp., Inc. v. McGahan*, 237 Ill. 2d 526, 528 (Ill. 2010).  While a decedent's estate is not a suable entity, the proper party to defend an action on behalf of a decedent's estate is the estate's executor or representative.  *See Cole v. City of Chicago*, 2009 WL 10737897, at *2 (N.D. Ill. Jan. 20, 2009) (citing *In re Marriage of Schauberger*, 624 N.E.2d 863, 866 (Ill. 2d Dist. 1993) ("An estate lacks the capacity to be sued or be sued, and any action must be brought by or against the executor or representative of the estate.").

Further, in the event no estate has been opened for a deceased mortgagor, Illinois Supreme Court Rule 113(i) provides the following procedure for appointing a special representative.  Specifically, Rule 113 provides:

> **(i)** **Deceased Mortgagors.** In all mortgage foreclosure cases where the mortgagor or mortgagors is or are deceased, and no estate has been opened for the deceased mortgagor(s), the court shall, on motion of a party, appoint a special representative to stand in the place of the deceased mortgagor(s) who shall act in a manner similar to that provided by section 13-209 of the Illinois Code of Civil Procedure (735 ILCS 5/13 -209).

The appointment of a special representative is not required, however, if one of the circumstances in 735 ILCS § 5/15-1501(h) is present:

> Special Representatives. With respect to the property that is the subject of the action, the court is not required to appoint a special representative for a deceased mortgagor for the purpose of defending the action, if there is a: (1) living person, persons or entity that holds 100% interest in the property, by virtue of being the deceased mortgagor's surviving joint tenant or surviving tenant by the entirety; (2) beneficiary under a transfer on death instrument executed by the deceased mortgagor prior to death; (3) person, persons, or entity that was conveyed title to the property by the deceased mortgagor prior to death; (4) person, persons, or entity that was conveyed title to the property from the deceased mortgagor's probate estate by the administrator or executor; or (5) trust that was conveyed title to the

>  property by: (A) the deceased mortgagor prior to death; or (B) any other person, persons, or entity that is identified in this subsection (h) has being exempt from the requirement to appoint a special representative.

Here, it is unclear from the record whether a probate estate has been opened for the Estate of Kathryn L. Banks. While such entity is a legal construct, it is not meaningless, and the Court is perplexed as to how the Government proposes to establish service over a legal entity which to date may not exist. And, even if Plaintiff's motion were granted, it is wholly unclear how a subsequent purchaser could be afforded a clear title. Illinois law is clear that an estate is not a suable entity. Further, when seeking to foreclose against a deceased mortgagor in Illinois, the estate is a necessary party, and courts lack authority to adjudicate claims against a decedent's estate until it is created. In the event an estate has yet to be opened, Illinois provides clear procedures for the appointment of a special representative to stand in the decedent's place, except when one of the specific conditions of 735 ILCS § 5/15-1501(h) exist.

Accordingly, the Government has not met its burden to show that service by publication here is yet appropriate, and its Motion (Doc. 8) is **DENIED, without prejudice**. 42 U.S.C. § 1475(b) provides an affirmative duty on the Government to use Illinois foreclosure procedures that are more beneficial to the decedent borrower. Plaintiff has not shown that a probate estate exists for the Estate of Kathryn L. Banks or whether an executor or representative exists to litigate this matter. Alternatively, Plaintiff has not shown that an exception to the Illinois foreclosure procedures in 735 ILCS § 5/15-1501(h) exists so to exempt Plaintiff from having a special representative appointed

pursuant to Illinois Supreme Court Rule 113.  Plaintiff cannot ignore these procedures simply because it seeks to use this forum for the foreclosure.

The Government is further **DIRECTED** to file a status report on or before **February 9, 2022**, detailing its efforts to obtain service over the Estate of Kathryn L. Banks, and whether an executor or representative is to be substituted for her Estate.

**SO ORDERED.**

Dated: January 19, 2022

DAVID W. DUGAN
United States District Judge